

250 MARQUETTE AVENUE SOUTH, SUITE 800
MINNEAPOLIS, MN 55401

Christy M. Mennen
612-305-7520
cmennen@nilanjohnson.com

January 7, 2021

**VIA ECF and**
**VIA E-MAIL to CronanBYSDChambers@nysd.uscourts.gov**

Hon. John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *Shaun Martinez v. Future Motion Inc.*
       20-CV-05984 (JPC)

Dear Judge Cronan:

I am counsel for Future Motion in the above-captioned matter and am writing to respond to the January 4, 2021 letter motion filed by counsel for Shaun Martinez.

Despite encountering challenges due to COVID-19 and the wildfires' interruption of Future Motion's California-based business, Future Motion has worked diligently to provide discovery responses in this case. As discussed with Plaintiff's counsel during the meet and confer, Future Motion collected information on a rolling basis and in order to expedite discovery, provided supplemental materials piecemeal rather than to wait until all information was received before providing it to Plaintiff. As promised, Future Motion, after having met the original deadline, supplemented its production on November 6, 2020, again on December 18, 2020 and a third time on January 6, 2021, with design drawings for the subject Onewheel+ XR received just prior to the holidays.

Now that Future Motion has collected and produced the various batches of documents, it will serve a responsive pleading containing the bates-ranges for each supplemental production. This pleading will fully comply with the Federal rules and will be served by the end of the week.

To Future Motion's knowledge, the only outstanding discovery requests related to Plaintiff's request for "software changes" and broad request for documents and videos referencing "nosedives." During the meet and confer, Plaintiff's counsel agreed to further assess his request for software changes and to provide Future Motion with the mobile application data that would enable it to further analyze the incident and the request. Future Motion is amenable to conducting a search for information upon receipt of the relevant data from Plaintiff's cell phone.

With respect to the request for documents or videos of "nosedives", as discussed during the meet and confer, this request is both vague and overbroad. First the requests are not limited to the

subject model of board being ridden by Plaintiff, but involve every model of board ever made by the company.  Second, it is unclear what information is being requested that has not already been produced.  The Onewheel electric skateboard – as its name suggests – has a single large wheel in the center of the board and riders stand sideways on the board with one foot in front of the wheel, and one behind it.  The board has a designed in safety device called "push back" that warns riders to slow down or stop the board depending on the circumstances.  The most common time that push back is triggered is when a rider starts to go too fast and reaches the board's limits.  In that situation, the front of the board will physically lift or "push back" to signal to a rider to lean back and slow down.  If a rider does that, push back will stop and the rider can resume normal riding.  If, however, a rider decides to ignore push back and actively counter it by continuing to lean forward to go faster, the rider can push the board beyond its limits, which can cause the rider to fall from the board.  Future Motion warns riders extensively and in multiple ways including in its Owner's manual, in videos, on its website and in its app about the need to heed push back in order to ride the board safely and properly.  In fact, the Owner's manual contains a series of cartoon character type depictions of what to do, and what not to do when push back occurs.  The depictions show a rider falling from the board when push back is not followed and shows the front of the board on the ground in what Plaintiff would call a "nose dive" position.  The depiction of the board in this manner is consistent with the reality that whenever a rider falls from a board for any reason, the board will come in contact with the ground given its design.  The Owner's manual, videos, website and app content have already been produced in this case.

To the extent Plaintiff seeks additional information, Future Motion needs to understand the nature of the alleged defect and underlying claim.  Plaintiff has provided no details other than to allege that the board "nosedived."  Future Motion has received no information with respect to which component part(s) are at issue or if a failure is claimed to have occurred.  In order to investigate this incident, there are two critical pieces of information needed: 1) inspection and operation of the subject board; and 2) analysis of the mobile application data from the Onewheel app Plaintiff was using to operate the board at the time of the incident.  Due to travel restrictions related to COVID-19, Future Motion representatives have been unable to travel to New York to inspect the board.  The mobile application data which contains critical information about the subject ride leading to the incident has not yet been provided by Plaintiff.

Future Motion is committed to reaching common ground and is optimistic that it can work with Plaintiff's counsel to reach a compromise on search parameters that take into account the nature of the subject incident.  In the event the discovery issues are not resolved within 10 days, Future Motion requests that the Court schedule an informal discovery conference to further discuss these issues.

Very truly yours,

s/ Christy M. Mennen

Christy M. Mennen

CMM/cbm

Cc: Steven L. Sonkin, Esq.

It is hereby ORDERED that the parties shall meet and confer, and shall, by January 18, 2021, submit a joint letter to the Court addressing whether they have reached a resolution of the discovery issues raised in their letters. (*See* Dkts. 21, 22.)  It is further ORDERED that Plaintiff shall have until February 1, 2021 to submit his expert disclosures.  If the parties reach a resolution without the need for an informal discovery conference, they may request extensions to any remaining discovery dates in their letter due January 18, 2021.

SO ORDERED.

Date: January 8, 2021
New York, New York

JOHN P. CRONAN
United States District Judge