

250 MARQUETTE AVENUE SOUTH, SUITE 800
MINNEAPOLIS, MN 55401

Christy M. Mennen
612-305-7520
cmennen@nilanjohnson.com

September 28, 2021

**VIA ECF**

Hon. John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *Shaun Martinez v. Future Motion Inc.*
         20-CV-05984 (JPC)

> It is hereby ORDERED that the parties shall meet and confer, and shall be prepared to discuss whether they have reached a resolution of the discovery issues raised in their letters, *see* Dkts. 38, 39, at the final pretrial conference scheduled on October 12, 2021 at 10:00 a.m.
>
> SO ORDERED
>
> Dated: October 5, 2021
> New York, New York
>
> _____
> JOHN P. CRONAN
> United States District Judge

Dear Judge Cronan:

Pursuant to Your Honor's Individual Rules and Practices, section 5.C., Future Motion submits this pre-motion letter in support of its motion for Rule 37 sanctions in connection with Plaintiff's failure to comply with Federal Rule of Civil Procedure 26. Specifically, Plaintiff has refused to provide Future Motion with a copy of its expert's file, and accordingly, should not be allowed to rely on that expert's opinions in support of its claims.

Plaintiff served expert disclosures on June 23, 2021, which included a written report from Dr. James Pugh. Future Motion subsequently noticed Dr. Pugh's deposition for September 23, 2021, and at the start of the deposition requested a copy of his file. Dr. Pugh and his counsel refused to provide Future Motion with a complete copy of the expert file, despite a discussion that it was required per the Federal Rules. The refusal to provide the file prevented Future Motion from reviewing the data Dr. Pugh considered and relied upon in support of his opinions, and prevented it from questioning the witness as it would have if it had access to his file.

Beyond that, Dr. Pugh revealed for the first time during his deposition that despite his written report containing no reference to any testing, he had decided to conduct various types of testing over multiple days using multiple products *after* his report was finalized. Dr. Pugh testified he was personally present at the testing, that one of the products tested was the subject product (despite Future Motion never having been made aware of or invited to participate or observe the testing), and that he was in possession of videos and photographs that were never produced to Future Motion and which he would not provide during the deposition despite multiple requests from Future Motion upon learning that he intended to rely on the testing in forming his opinions in the case.

NILANJOHNSON.COM

Having not been provided with the file materials related to the written report nor any of the post-report data considered or relied upon by Dr. Pugh, Future Motion submits this pre-motion letter seeking that the Court preclude any testimony from expert Pugh pursuant to Rule 37.

Rule 37(c)(1) provides that if a party fails to disclose information "as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Second Circuit has stated that the following factors are relevant in the determination of whether preclusion is appropriate based on a failure to disclose information: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc*., 118 F.3d 955, 961 (2d Cir.1997) (citing *Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir.1988)). Additional support for such a motion can be found by identifying discrete discovery demands that request production of all items relied upon by experts. *See Allstate Ins. Co. v. Etienne*, No. 09-CV-3582 (SLT), 2011 U.S. Dist. LEXIS 121460, at *19 (E.D.N.Y. Oct. 20, 2011). In this case, Defendant served Plaintiff with the following Requests for Production of Documents on September 14, 2020:

> 38. All documents provided to, reviewed or relied upon by any expert witness Plaintiff intends to call to testify at trial, including any documents reflecting the identify, mental impressions, and opinions of any consulting expert that have been provided to, reviewed or relied upon by an expert expected to testify at trial.
>
> 39. All documents, including expert reports, that contain, refer or relate to the opinions of any experts whose testimony Plaintiff intends to offer at trial of this matter.

There are ample examples where the Southern District of New York has imposed sanctions for a party's failure to timely produce documents relied upon by its expert. For example, New York courts have held where a party failed to timely disclose information relied upon by their expert in their expert report, the Court found the failure to disclose was harmful and prejudicial by the very fact the information was relied on by the expert. *Tex. Instruments, Inc. v. PowerChip Semiconductor Corp*., No. 06 Civ. 2305, 2007 U.S. Dist. LEXIS 38312, at *43-44 (S.D.N.Y. May 24, 2007) ("[n]ot only does [Defendant's] experts' reliance on the materials make their assertion that the failure to produce was harmless untenable, [Plaintiff] has demonstrated the prejudice it will suffer. Therefore, under Rule 37(c)(1), preclusion is mandated). In another instance where Plaintiff failed to disclose materials relied upon by their expert, the Court precluded the expert reports which incorporated the information, precluded anyone else from relying on the reports and ordered that Plaintiff pay the costs of any additional expert discovery necessary due to the failure to disclose or the sanctions. *Jung v. Neschis*, No. 01 Civ. 6993, 2007 U.S. Dist. LEXIS 97173, at *44-46 (S.D.N.Y. Oct. 23, 2007).

Future Motion believes there is sufficient support for preclusion of expert testimony in this case, where Plaintiff has refused to provide the requested materials in violation of the Federal Rules, without explanation, and in complete disregard of this Court's scheduling deadlines to complete all expert depositions by September 30, 2021, which is now impossible.

Future Motion conferred with Plaintiff's counsel during the deposition of Dr. Pugh regarding the request for the expert file. Having not received the file during the deposition or at any time since then, Future Motion submits this pre-motion letter, and proposes the following briefing schedule:

Moving Brief: October 21

Opposition Brief: November 11

Reply Brief: December 3

Future Motion appreciates the Court's consideration of this pre-motion letter.

Very truly yours,

*s/ Christy M. Mennen*

Christy M. Mennen

CMM/cbm

Cc:   Steven L. Sonkin, Esq.