UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
SHAUN MARTINEZ,                                                         :
                                                                        :
                            Plaintiff,                                  :
                                                                        :       20 Civ. 5984 (JPC)
            -v-                                                         :
                                                                        :       <u>ORDER</u>
FUTURE MOTION INC.,                                                     :
                                                                        :
                            Defendant.                                  :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On October 12, 2021, the Court held a conference during which it reopened expert discovery through November 12, 2021 so that the parties may complete the deposition of Plaintiff's expert, Dr. James Pugh. During that conference, the Court also directed Plaintiff to file a letter brief in support of any request to supplement Dr. Pugh's report, which Plaintiff filed on October 18, 2021, Dkt. 48. On October 22, 2021, Defendant filed a letter opposing Plaintiff's request. Dkt. 51.

In his October 18, 2021 letter, Plaintiff explains that he "wishes to serve a supplemental report which augments Dr. Pugh's prior report," and which "does not change Dr. Pugh's conclusions and opinions, but buttresses and confirms them." Dkt. 48 at 1. Plaintiff provides a rather scant description of what would be included in Dr. Pugh's supplemental report, stating only that the report would be "predicated upon testing of the One Wheel which Dr. Pugh conducted and to which he testified to at his deposition on September 23, 2021." *Id.* Plaintiff also offers no compelling justification for his failure to comply with Rule 26 of the Federal Rules of Civil Procedure. Nevertheless, for the reasons stated below, the Court permits Plaintiff to serve Defendant with a supplemental report prepared by Dr. Pugh.

Under Rule 26(a)(2)(B), an expert witness must prepare a written report that contains,

among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them." The parties "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Under Rule 26(e)(1), a party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." When a party fails to make a necessary disclosure under Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 26(e), however, is not "a vehicle to permit a party to serve a deficient opening report and then remedy the deficiency through the expedient of a 'supplemental' report." *Lidle v. Cirrus Design Corp.*, No. 08 Civ. 1253 (BSJ) (HBP), 2009 WL 4907201, at *5 (S.D.N.Y. Dec. 18, 2009). Similarly, "experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) (internal quotations omitted). Where "an expert's report does not rely on any information that was previously unknown or unavailable to him, it is not an appropriate supplemental report under Rule 26." *In re Bear Stearns Cos., Inc. Sec., Derivative, and ERISA Litig.*, 263 F. Supp. 3d 446, 452 (S.D.N.Y. 2017) (internal quotations omitted). Here, it is undisputed that Dr. Pugh's supplemental expert report would be based on testing he conducted of the One Wheel board, and that board was available to him at the time of his initial expert report. Moreover, Plaintiff admits that the purpose of Dr. Pugh's supplemental report is to "buttress[] and confirm[]" his "conclusions and opinions" in his initial report. Dkt. 48 at 1. Accordingly, Plaintiff has failed to comply with Rule 26 of the Federal Rules of Civil Procedure. Nevertheless, the Court

finds that preclusion is not warranted.

In determining whether preclusion is appropriate under Rule 37(c)(1), district courts consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness[]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (internal quotations omitted). Preclusion under Rule 37(c)(1) is not mandatory and district courts have "wide discretion to impose sanctions" under the rule. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). Courts generally have held that "[p]recluding testimony is a drastic and disfavored measure." *Simo Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019).

The first factor weighs against Plaintiff. Plaintiff claims in his letter that the delay in Dr. Pugh's testing of the board, which serves as the basis for Dr. Pugh's supplemental report, was caused by the parties' need to jointly inspect the board. Dkt. 48 at 1. But as Defendant aptly points out, the joint inspection occurred on May 11, 2021. Dkt. 51 at 1. Therefore, Dr. Pugh had nearly two months to test the board and to include his conclusions and opinions in his initial report prior to Plaintiff's deadline to serve expert disclosures on July 1, 2021. Yet he failed to do so and Plaintiff has not provide any other justification for the delay.

The remaining factors, however, weigh against preclusion. Plaintiff represents, and the Court has no reason to doubt, that "Dr. Pugh's testimony is essential to establish plaintiff's design defect claims," Dkt. 39 at 2, and "since liability is hotly contested, the prejudice to plaintiff would be substantial if he were deprived of his right to present testimony at the time of trial of matters discussed in the supplemental report," Dkt. 48 at 2. In contrast, the prejudice that Defendant will suffer is slight. The Court reopened discovery through November 12, 2021 so that Defendant may

complete the deposition of Dr. Pugh. Plaintiff already provided Defendant with the video and photos of Dr. Pugh's testing of the subject One Wheel and Defendant will have an opportunity to question Dr. Pugh at his deposition about his testing as well as the opinions and conclusions contained in his supplemental report.

Plaintiff therefore is permitted to serve a supplemental report prepared by Dr. Pugh. Plaintiff shall serve Dr. Pugh's supplemental report on Defendant no later than three business days prior to Dr. Pugh's deposition. Plaintiff may not offer any further supplemental expert reports absent leave of Court, and is admonished to adhere to the deadlines set forth under the Federal Rules of Civil Procedure and the Court's scheduling order.

The Clerk of Court is respectfully directed to close Dockets 48 and 51.

SO ORDERED.

Dated: October 26, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge